UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MCEVOY,<br><br>    Plaintiff,<br><br>v.<br><br>CHANCELIGHT EDUCATION, et al.,<br><br>    Defendants. | Case No. 24-cv-00270-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 31 |

Pending before the Court is Plaintiff Melissa McEvoy's motion for leave to file a second amended complaint. Dkt. No. 31. The Court finds this matter appropriate for disposition without oral argument and deems it submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

## I.  BACKGROUND

Plaintiff sued her former employer, Defendant ChanceLight Inc., alleging various state law claims, and Defendant removed the case from Contra Costa Superior Court in January 2024. Dkt. No. 1. Later in January, Plaintiff filed her first amended complaint. Dkt. No. 14. In June 2024, she filed a motion for leave to file a second amended complaint to remove two causes of action dismissed by stipulation of the parties and to add two new causes of action: (1) discrimination based on a physical disability under FEHA, and (2) retaliation for requesting/taking leave under the California Family Rights Act. *See* Dkt. No. 31 ("Mot.") at 2.[1] Defendant opposes. Dkt. No. 33 ("Opp.").

//

---

[1] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination unless otherwise noted.

## II. LEGAL STANDARD

"[A] party may amend its pleading . . . with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave to amend when justice so requires." *Id.*; *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). The five factors relevant to assessing whether leave should be granted are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## III. DISCUSSION

Plaintiff seeks to add disability discrimination-related causes of action based on new facts she represents she discovered after receiving and reviewing Defendant's initial disclosures. *See* Mot. at 6, 15. Plaintiff filed this request for leave to amend by the deadline in the scheduling order. Dkt. No. 28.

Defendant argues it will be prejudiced by the proposed amendment because the addition of new claims will "significantly expand the nature and scope of the case." *See* Opp. at 7. The Court disagrees. The essence of the case remains what it has been from the beginning: Plaintiff's claims about a number of allegedly unlawful actions by Defendant in her workplace. And in any event, the expansion of a case due to the addition of new causes of action is not inherently prejudicial, especially when a case is still in its early stages. *See Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *see also Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (amendment adding new claims would not prejudice defendant where plaintiff "made credible representations regarding changed circumstances" justifying amendment and where "discovery [was] limited in the instant case"). Here, there is a low risk of prejudice as Plaintiff sought leave to amend just a few months after the parties exchanged initial disclosures, and fact discovery remains open. *See* Dkt. No. 34 ("Reply") at 2.

To the extent the parties may need to conduct some amount of limited additional discovery as to the new theories, the Court can consider whether a short extension of fact discovery might be warranted.

Given the absence of prejudice, there must be a strong showing of other *Foman* factors to overcome Rule 15's strong presumption in favor of granting leave to amend, but Defendant has not met this burden.  There is no persuasive evidence of undue delay:  Plaintiff states she was not previously aware until shortly before filing her motion to amend that Defendant identified her purported refusal to handle coverage calls, which Plaintiff says was due to her disability, as a basis for her termination.  *See* Reply at 2–3.  Plaintiff has thus raised at least a fair inference that the viability of her proposed new theories became apparent once Defendant made its initial disclosures.  Similarly, Plaintiff responds that amendment is not futile because she met exhaustion requirements by filing a complaint with the California Civil Rights Department after becoming aware of the disability discrimination.  *See id.* at 5–6.  Without evidence of prejudice or strong evidence as to the other factors, the presumption in favor of granting leave to amend applies.  *See Eminence Capital*, 316 F.3d at 1052.  To the extent Defendant seeks to assert a defense of failure to exhaust, it can do so via a motion to dismiss or for summary judgment.

## IV.   CONCLUSION

The Court **GRANTS** Plaintiff's motion for leave to amend, Dkt. No. 31.  Plaintiff shall file her second amended complaint on the docket within three days from the date of this order.

**IT IS SO ORDERED.**

Dated:  8/27/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge